SC:SSS
F. #2013R00544

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against -

GIUSEPPE GATTI,
   also known as "Joe Gatti,"

                   Defendant.

------------------------------X

ORDER OF FORFEITURE

13 CR 246 (ENV)

WHEREAS, on or about November 12, 2013, the defendant, GIUSEPPE GATTI, entered a plea of guilty to Count One of the above-captioned indictment charging a violation of 18 U.S.C. § 1349;

WHEREAS, the defendant consents to the forfeiture of three hundred thousand dollars and zero cents ($300,000.00) (the "Forfeiture Money Judgment"), pursuant to 18 U.S.C. §§ 982(a)(2)(A) and 982(b), as property constituting or derived from proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 1349 and/or as substitute assets pursuant to 21 U.S.C § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.     The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. §§ 982(a)(2)(A), 982(b) and 21 U.S.C. § 853(p).

2. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Custom and Border Protection" with the criminal docket number noted on the face of the check. The Defendant shall cause said checks to be delivered via overnight mail delivery to Assistant Attorney Brian D. Morris, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The defendant shall pay the sum of ten thousand dollars and no cents ($10,000.00) towards the Forfeiture Money Judgment on or before November 15, 2013 (the "Initial Due Date"). The defendant shall pay the balance of the Forfeiture Money Judgment as follows: (a) the sum of seventy thousand dollars and no cents ($70,000.00) on or before January 31, 2014, (b) the sum of one hundred ten thousand dollars and no cents ($110,000.00) on or before April 15, 2015, and (c) the sum of one hundred ten thousand dollars and no cents ($110,000.00) on or before July 29, 2016 (the "Final Due Date"). In the event the Forfeiture Money Judgment is not paid in full on or before the Final Due Date, interest shall accrue thereon at the judgment rate of interest.

3. The defendant shall fully assist the Government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others in filing or interposing any claim to any property against which the Government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. If forfeiture is not received as provided above, the defendant consents to the forfeiture of any other property of his, real or personal, up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act or any other applicable law.

4. The defendant agrees to execute any documents necessary to effectuate the forfeiture of the Forfeiture Money Judgment. In addition, the defendant knowingly and

voluntarily waives his right to notice in connection with the forfeiture of the Forfeiture Money Judgment, waives his right, if any, to a jury trial on the forfeiture of the Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of the Forfeiture Money Judgment, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, any defense under the Eighth Amendment of the Constitution (including a claim of excessive fines), any applicable statutes of limitations, or venue.

5. The defendant agrees that the forfeiture of the Forfeiture Money Judgment is not to be considered a fine, penalty, restitution loss amount, or a payment on any income taxes that may be due, and shall not be discharged in any bankruptcy proceedings.

6. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed.R. Crim.P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

7. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
November 12, 2013

s/ ENV

HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE